**United States District Court**
For the Northern District of California

1

2

3

4

5

6

**\*\* E-filed March 29, 2010 \*\***

7

NOT FOR CITATION

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

AURORA LOAN SERVICES, LLC.,                    No. C10-01260 HRL

12

        Plaintiff,                                   **ORDER THAT CASE BE**
**REASSIGNED TO A DISTRICT**

13

  v.                                                       **COURT JUDGE**

14

ROSE MARTINEZ,                                           **REPORT AND RECOMMENDATION**

15

        Defendant.                                 **[Re: Docket No. 2]**

16

_____/

17

      Pro se defendant Rose Martinez has removed this case to federal court for the second time,

18

along with a request to proceed in forma pauperis.  For the reasons stated below, the undersigned

19

recommends that this action be summarily remanded to state court and Martinez's application to

20

proceed in forma pauperis be denied as moot.

21

      Plaintiff Aurora Loan Services, LLC filed this unlawful detainer action on November 9,

22

2009 in Santa Clara County Superior Court.  According to the complaint, plaintiff acquired the

23

subject property through a foreclosure trustee's sale in August 2009.  Plaintiff served defendant,

24

who appears to be renting the property, with a sixty-day notice to vacate in September 2009, but

25

defendant refused to deliver possession of the property.  (Notice of Removal 59–60.)

26

      Martinez first removed this case to federal court on February 4, 2010, asserting that removal

27

was proper based on diversity of citizenship.  However, the court summarily remanded the case

28

back to state court after determining that the amount in controversy did not exceed $75,000 as

required for diversity jurisdiction under 28 U.S.C. § 1332(a). *Aurora Loan Svs., LLC v. Martinez*, No. 10-00520 JW (N.D. Cal. Mar. 3, 2010). On this second try, Martinez now claims that removal is proper under 28 U.S.C. § 1331 because, she says, the case involves a federal question.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Federal courts have original jurisdiction over civil actions "rising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.

Here, Martinez fails to support her assertion that the action arises under federal law. Her removal notice includes a reference to Senate Bill 896 § 702, the Protecting Tenants at Foreclosure Act of 2009, in its caption. (Notice of Removal 1–2.) The answer she filed in response to plaintiff's complaint also asserts that plaintiff violated federal law. (*Id.* at 6.) However, Martinez's allegations in her removal notice or in her answer to the complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint clearly states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. (*Id.* at 58–62.) Accordingly, Martinez has failed to show that removal is proper on account of any federal substantive law, and this court lacks subject-matter jurisdiction.

Because Martinez has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge (1) summarily remand the case to Santa Clara

United States District Court
For the Northern District of California

1   County Superior Court; and (2) deny as moot, without prejudice, defendant's application to proceed

2   in forma pauperis.  Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file

3   objections to this Report and Recommendation within fourteen days after being served.

4

5   Dated: March 29, 2010

6                                               _____
                                                HOWARD R. LLOYD
7                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

**C 10-01260 Notice will be electronically mailed to:**

David R Endres      dendres@dre-apc.com

**Notice will be sent by alternative means to:**

Rose Martinez
772 College Drive
San Jose, CA 95128

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California